## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUY D. GIOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-735-SLR-SRF |
| ) | |
| DWIGHT F. HOLDEN, PAROLE ) | |
| BOARD, COL. ROBERT COUPE and ) | |
| STATE OF DELAWARE DEPARTMENT ) | |
| OF PUBLIC SAFETY, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**I.   INTRODUCTION**

In this action filed pursuant to 42 U.S.C. §§ 1983 and 1985, plaintiff Guy D. Giove ("Plaintiff") seeks relief for alleged civil rights violations committed by defendants Dwight F. Holden ("Holden"), the Board of Parole, Col. Robert Coupe ("Coupe"), and the State of Delaware Department of Public Safety (collectively, "Defendants"). Pending before the Court is a motion for judgment on the pleadings, filed pursuant to Fed. R. Civ. P. 12(c). (D.I. 16) Plaintiff opposes the motion and, in the alternative, requests leave to amend the amended complaint. (D.I. 18) For the reasons that follow, I recommend that the Court grant Defendants' motion and grant leave for Plaintiff to file a second amended complaint within thirty (30) days of the entry of this Report and Recommendation. In the event that a second amended complaint is not timely filed, I recommend that the Court dismiss the pending case.

**II.   BACKGROUND**

Plaintiff is a 59 year old resident of Rehoboth, Delaware. (D.I. 5 at ¶ 2) Defendant Coupe is the Superintendent for the Delaware State Police of the Department of Public Safety.

(*Id.* at ¶ 3) Holden is the Chairperson of the State of Delaware Board of Parole. (*Id.* at ¶ 4)

On October 1, 2009, a Rehoboth Beach Neighborhood Watch bulletin was published, providing notification that Plaintiff was a sex offender. (*Id.* at ¶ 5) The bulletin listed Plaintiff's address and indicated that Plaintiff had been convicted of Unlawful Sexual Intercourse in the First Degree. (*Id.*) According to Plaintiff, the publication contained false information because his 1993 conviction was for Unlawful Sexual Intercourse in the Third Degree. (*Id.* at ¶¶ 10-11)

At the time of the bulletin's publication, Plaintiff had an appeal pending with the Board of Parole to contest his sex offender tier designation. (*Id.* at ¶ 13) No publication of Plaintiff's designation was to occur while his appeal was pending. (*Id.* at ¶ 14) On July 28, 2010, the Board of Parole granted Plaintiff's request to have his tier designation reduced to " Tier I," which requires no public notification or publication. (*Id.* at ¶ 15)

Plaintiff alleges that the erroneous publication caused him to suffer damage to his reputation and his business, which involved property maintenance contract work for homeowners during the summer vacation off-season. (*Id.* at ¶¶ 6-7) Plaintiff claims that he was no longer hired for such work after publication and was "ostracized by the community." (*Id.* at ¶¶ 8-9)

In the amended complaint, Plaintiff asserts three causes of action against Defendants for: (1) Gross Negligence in the publication of erroneous information on the Sex Offender Registry, in violation of 11 *Del. C.* § 4120(j); (2) Defamation; and (3) Violation of Due Process Rights. (*Id.* at ¶¶ 16-27)

### III. LEGAL STANDARD

Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed –

2

but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When deciding a Rule 12(c) motion for judgment on the pleadings based on an allegation that the plaintiff has failed to state a claim, the motion "is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010), *cert. denied*, 131 S. Ct. 995, 178 L. Ed. 2d 825 (Jan. 18, 2011).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Under this standard, the Court must accept all well-pleaded factual allegations as true, and must draw all reasonable inferences in favor of the non-moving party. *See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). This determination is a context-specific task requiring the Court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

As a preliminary matter, the Court notes that Plaintiff attaches letter exhibits in support of his response to Defendants' motion for judgment on the pleadings. Generally, the Court does not consider matters outside the pleadings when ruling on a motion for judgment on the pleadings. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004). Pursuant to Fed. R. Civ. P. 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion [for judgment on the pleadings] must be treated as one for summary judgment under Rule

3

56." Fed. R. Civ. P. 12(d).

The Court declines to consider the exhibits attached to Plaintiff's response to the motion for judgment on the pleadings at this juncture. *See* Fed. R. Civ. P. 12(d).

**A.   State Law Claims**

   **1.   Gross Negligence for Erroneous Publication on Sex Offender Registry**

According to Defendants, Plaintiff's State law claim for gross negligence relating to the erroneous publication fails because no private cause of action exists under 11 *Del. C.* § 4120(i), which simply provides for the enactment of regulations by police agencies regarding sex offender registration. (D.I. 17 at 8) Defendants further contend that, even if the Court concludes that Section 4120(i) gives rise to a private right of action, the amended complaint fails to specifically allege that Defendants published any information regarding Plaintiff's sex offender status. (*Id.*)

In response, Plaintiff contends that the State of Delaware Department of Public Safety and the Board of Parole are responsible for public notification regarding sex offenders under the statute, and the individual Defendants were, therefore, responsible for the issuance of the erroneous notification. (D.I. 18 at 5) According to Plaintiff, the amended complaint alleges that Defendants' actions caused notification and publication of the erroneous information by the State Police on the Sex Offender Registry, which was passed on to the Rehoboth Police for publication in the Rehoboth Beach Neighborhood Watch bulletin. (*Id.* at 5-6)

Plaintiff further contends that 11 *Del. C.* § 4120 applies to state agencies as opposed to the local police force, and Defendants' direct involvement in the publication of the erroneous information is supported by the fact that Plaintiff received correspondence from both Coupe and

Holden regarding the status of his sex offender tier designation.[1] (*Id.* at 6) Plaintiff argues that Defendants' conduct gives rise to a private right of action under Section 4120 because the statute specifically bars liability for "failing to release information," but does not expressly bar liability for the release of erroneous information, nor does it expressly grant immunity for non-discretionary acts. (*Id.* at 7)

Plaintiff's amended complaint contains the bald assertion that "[t]he government officials as stated above acted with gross negligence or in bad faith regarding the publication of erroneous information of plaintiff on the State's sex registry." (D.I. 5 at ¶ 17) This conclusory averment contains no description of specific actions taken by Defendants that were grossly negligent, and the factual paragraphs incorporated by reference into each count of the amended complaint fail to connect the issuance of the publication to Defendants' conduct. Plaintiff's amended complaint does not reflect the arguments presented in his opposition brief that Defendants " caused notification and publication of the erroneous information by the State Police," which was then "passed on" to the Rehoboth Police and led to the publication of the bulletin. (D.I. 18 at 5)

The Court need not reach the issue of whether a private right of action for gross negligence in the release of erroneous information may be implied under Section 4120 because the amended complaint is otherwise deficient. The pleading does not allege any descriptive facts that would support a conclusion that any Defendant is liable under the statute.

---

[1]Plaintiff refers to the letters attached to his answering brief. As previously stated, the Court will not consider these letters. *See supra* Part IV.

### 2. Defamation

To sustain a cause of action for defamation, a plaintiff must show: (a) the defamatory character of the communication; (b) publication; (c) reference to the plaintiff; (d) understanding by third parties of the defamatory character of the communication; and (e) injury. *Brooks-McCollum v. Emerald Ridge Bd. of Directors*, 29 A.3d 245, n.13 (Del. 2011) (citing *Spanish Tiles, Ltd. v. Hensey*, 2005 WL 3981740, at *6 (Del. Super. Mar. 30, 2005)).

In support of their motion for judgment on the pleadings, Defendants contend that Plaintiff fails to allege any defamatory statements made by Defendants or any action by Defendants relating to publication of such defamatory statements. (D.I. 17 at 9) In response, Plaintiff contends that publication of the erroneous information in connection with his conviction was defamatory on its face and harmed his personal and business reputation. (D.I. 18 at 7-8)

The amended complaint states that "[d]efendants defamed the plaintiff; [d]efendants published the defamatory matter; [d]efendants intentionally or recklessly failed to determine the truth of the defamatory matter; and [t]hat the publication of the defamatory matter caused injury to plaintiff." (D.I. 5 at ¶¶ 20-23) The foregoing allegations are no more than legal arguments. Plaintiff presents no facts imputing the defamatory statements to Defendants or describing Defendants' involvement in publishing them. Plaintiff's defamation claim therefore fails to state a claim under the Rule 12(b)(6) standard.

### B. Federal Due Process

Defendants contend that Plaintiff's due process claim likewise fails because it does not set forth facts showing involvement by Defendants in the alleged wrongdoing. (D.I. 17 at 5-7) In response, Plaintiff relies upon two cases standing for the proposition that erroneously listing

an individual on a child abuse registry is a violation of the constitutional liberty interests in employment and reputation, which are protected by the Fourteenth Amendment. (D.I. 18 at 6)

Plaintiff's amended complaint alleges a violation of Procedural Due Process arising from the "government's" publication of erroneous information regarding his sex offender status without first holding a pre-deprivation hearing. (D.I. 5 at ¶¶ 25-27)

It is well established in this Court that a cause of action brought under 42 U.S.C. § 1983 requires a plaintiff to plead that each government official, through the official's own individual actions, has violated the Constitution. *Rahim v. Holden*, 831 F. Supp. 2d 845, 848-49 (D. Del. 2011) (citing *Iqbal*, 556 U.S. at 676). "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (internal citations and quotations omitted). Vicarious liability is inapplicable to Section 1983 suits, and "personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff's constitutional right." *Rahim*, 831 F. Supp. 2d at 849.

Even assuming that the allegations in Plaintiff's amended complaint concerning the conduct of the "government" are imputed to the individual defendants, Holden and Coupe, the pleading is, nonetheless, deficient. Plaintiff provides no specific facts as to how or when Defendants violated his constitutional rights, nor does Plaintiff allege that Defendants expressly directed the deprivation of his constitutional rights.

Likewise, any claims relating to conduct that could be attributed to the State of Delaware Department of Public Safety and the Board of Parole are not factually sufficient. In the absence

of any factual averments that the Board of Parole acted outside the scope of its adjudicatory duties, it should receive quasi-judicial immunity. *See Rahim*, 831 F. Supp. 2d at 850. Viewing the facts set forth in the amended complaint in the light most favorable to Plaintiff, the Court finds that the Board of Parole's decision to grant Plaintiff's request for placement in the lowest tier classification is neither detrimental to Plaintiff nor outside the scope of the Board of Parole's adjudicatory duties.

In sum, the due process claim in Plaintiff's amended complaint is deficient because it fails to tie the alleged due process violations to Defendants' conduct. Instead, the amended complaint contains sweeping allegations against the "government," as opposed to more specific allegations associating each Defendant with an act that deprived Plaintiff of a liberty interest. Due to the aforementioned deficiencies in the amended complaint, the Court need not reach consideration of the cases cited by Plaintiff regarding whether Plaintiff's injury implicated a constitutionally protected liberty interest.[2]

### C. Leave to Amend

Plaintiff requests leave to amend the complaint in the event that the Court grants Defendants' motion for judgment on the pleadings. Defendants contend that amendment would be futile under the circumstances of this case.

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the grant or denial of

---

[2]Specifically, Plaintiff cites *Valmonte v. Bane*, 18 F.3d 992 (2d Cir. 1994) and *Humphries v. County of L.A.*, 554 F.3d 1170 (9th Cir. 2009), in which the Second and Ninth Circuits found that erroneously listing a plaintiff's name on a child abuse registry constituted a liberty violation under the Fourteenth Amendment. The Court need not consider an extension of these cases to a sex offender registry because the amended complaint fails to state a claim under *Iqbal*.

leave to amend a pleading is ultimately within the discretion of the District Court, the Third Circuit has adopted a liberal approach to the amendment of pleadings "to ensure that a particular claim will be decided on the merits rather than on technicalities." *Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 557 (D. Del. 2007) (internal quotations omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should generally be granted "unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

Amendment of the complaint would not necessarily be futile in this case. As such, I recommend that the Court grant Plaintiff leave to file a second amended complaint. *See Jean-Pierre v. Holt*, 2009 WL 890937, at *12 (M.D. Pa. Mar. 31, 2009), *aff'd at Jean-Pierre v. Gubbiotti*, 417 Fed. App'x 120, 121-22 (3d Cir. Mar. 16, 2011) (granting defendant's Rule 12(b)(6) and summary judgment motions, but also granting plaintiff leave to file an amended complaint).

## V. CONCLUSION

For the reasons discussed above, I recommend that the Court: (1) grant Defendants' motion for judgment on the pleadings, and (2) grant Plaintiff leave to file a second amended complaint within thirty (30) days from the date of this order. If Plaintiff does not file an amended complaint within the time allowed, I recommend that the Court dismiss the action.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss

of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order In Non-Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available at http://www.ded.uscourts.gov/court-info/local-rules-and-orders/general-orders.

Dated: June 19, 2012

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE