IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUY D. GIOVE,<br><br>      Plaintiff,<br>v.<br><br>DWIGHT F. HOLDEN and<br>COL. ROBERT COUPE,<br><br>      Defendants. | )<br>)<br>)<br>)   Civil Action No. 11-735-SLR-SRF<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

At Wilmington this 6th day of August, 2013,

IT IS ORDERED that the unopposed Motion to Withdraw as Counsel (D.I. 35) filed by plaintiff's Delaware counsel, Jeffrey K. Martin ("Martin"), is GRANTED, and on or before September 6, 2013, plaintiff is required to comply with D. Del. LR 83.5(d), requiring association with Delaware counsel, for the following reasons:

1. **Background.** Plaintiff initiated this civil action on August 19, 2011 and subsequently amended the complaint twice, alleging causes of action for violation of the Delaware Sex Offender Registration Law, defamation, and violation of plaintiff's due process rights. (D.I. 28) Plaintiff's contentions stem from defendants' allegedly erroneous publication of plaintiff's name on the Delaware Sex Offender Registry despite plaintiff's Tier I designation, which does not require public notification. Presently pending before the court is Martin's unopposed Motion to Withdraw as Counsel, which cites irreconcilable differences between local and primary counsel. (D.I. 35)

2. **Legal Standard.** This court's Local Rule 83.7, titled "Substitution and Withdrawal of Attorney," provides that:

> An attorney may withdraw an appearance for a party without the Court's permission when such withdrawal will leave a member of the Bar of this Court appearing as counsel of record for the party. Otherwise, no appearance shall be withdrawn except by order on a motion duly noticed to each party and served on the party client, at least 14 days before the motion is presented, by registered or certified mail addressed to the client's last known address.

D. Del. LR 83.7. "When a motion to withdraw is filed, and substitute counsel has not entered an appearance on the affected party's behalf, the decision as to whether to allow counsel to withdraw its representation is within the discretion of the Court." *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir. 1986).

3. In *Worldspan, L.P. v. Ultimate Living Group, LLC*, C.A. No. 03-1081-JJF, 2006 WL 1046942 (D. Del. Apr. 20, 2006), this court set forth a list of factors to be considered in ruling upon a motion to withdraw where, as here, the affected party is an individual: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to the litigants; (3) the delay in the resolution of the case which would result from withdrawal; and (4) the effect of withdrawal on the efficient administration of justice. *Id.* at *1.

4. **Discussion.** Martin has cited irreconcilable differences with plaintiff's primary counsel, and his motion is unopposed. (D.I. 35 at ¶¶ 2, 4) Plaintiff will not suffer undue prejudice or a delay in the resolution of the case as a result of the withdrawal because the case has not progressed beyond the pleadings stage and no scheduling order has been entered. "When courts have denied such motions due in part to the state of the case schedule, it has almost uniformly been because the motion to withdraw was made at or near trial . . . ." *Sharp v. Verizon Del. Inc.*, C.A. No. 11-1209-RGA-CJB, 2012 WL 6212615, at *4 (D. Del. Dec. 12, 2012). Moreover, the withdrawal is unlikely to negatively affect the administration of justice because primary counsel may continue to represent plaintiff upon obtaining substitute local counsel.

5. **Conclusion.** For the foregoing reasons, the balance of the *Worldspan* factors weigh in favor of granting the Motion to Withdraw as Counsel. The Motion to Withdraw as Counsel is GRANTED, and primary counsel is required to associate with Delaware counsel on or before September 6, 2013. *See* D. Del. LR 83.5(d) & (e).

6. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The written objections and responses to the objections are limited to five (5) pages each.

7. The parties are directed to the court's Standing Order in Non-Pro Se Matters for Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

8. Because this Memorandum Order addresses a non-dispositive motion, any objections filed will not affect the findings, rulings, or decisions herein during the pendency of a decision on the objections.

Dated: August 6, 2013

Sherry R. Fallon
United States Magistrate Judge