IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUY D. GIOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-735-SLR-SRF |
| ) | |
| DWIGHT F. HOLDEN and ) | |
| COL. ROBERT COUPE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

In this action filed pursuant to 42 U.S.C. § 1983, plaintiff Guy D. Giove ("plaintiff") seeks relief for alleged civil rights violations committed by defendants Dwight F. Holden ("Holden") and Col. Robert Coupe ("Coupe") (together with Holden, "defendants"). Pending before the court is a motion for judgment on the pleadings, filed pursuant to Fed. R. Civ. P. 12(c). (D.I. 30) For the following reasons, it is recommended that the court grant defendants' motion for judgment on the pleadings.

### II. BACKGROUND

Plaintiff is a 61-year old resident of Rehoboth, Delaware. (D.I. 28 at ¶ 3) Coupe was the Superintendent for the Delaware State Police of the Department of Public Safety at all times relevant to the present action. (*Id.* at ¶ 4) Holden was the Chairperson of the State of Delaware Board of Parole at all times relevant to the present action. (*Id.* at ¶ 5)

In 1993, plaintiff pled guilty to Unlawful Sexual Intercourse in the Third Degree. (*Id.* at ¶ 6) On July 1, 2008, the Delaware Sex Offender Registration Law, 11 *Del. C.* § 4120, et seq., changed with respect to an offender's Tier designation for convictions prior to 1996. (*Id.* at ¶ 7)

Following the change in the law, public notification is not required for a sex offender assigned a Tier I designation, but is required for offenders with Tier II or Tier III designations. (*Id.* at ¶ 8)

Coupe is the custodian of the Delaware Sex Offender Registry (the "Registry") and is responsible for its accuracy. (*Id.* at ¶ 9) On August 24, 2009, Coupe provided notice to plaintiff that he was required to register under the new law. (*Id.* at ¶ 10, Ex. A) The notice indicated that plaintiff's name would not appear on the Registry until his registration and Tier designation were complete. (*Id.*)

Plaintiff registered with the Delaware State Police on September 28, 2009. (*Id.* at ¶ 11) The registration form only identified the offense charged, and not the actual disposition. (*Id.*, Ex. B) Also, on September 28, 2009, plaintiff was sent an Initial Notice providing that plaintiff's risk level had not yet been assessed. (*Id.* at ¶ 12, Ex. C)

On October 1, 2009, a Rehoboth Beach Neighborhood Watch bulletin was published, providing notification to the community that plaintiff was a sex offender. (*Id.* at ¶ 14, Ex. D) The bulletin listed plaintiff's address and indicated that plaintiff had been convicted of Unlawful Sexual Intercourse in the First Degree. (*Id.*)

On October 7, 2009, plaintiff received notification from the Delaware Department of Justice that he had received a Tier II designation based on his prior conviction for Unlawful Sexual Intercourse in the Third Degree. (*Id.* at ¶ 15, Ex. E) Plaintiff appealed his designation to the Board of Parole. (*Id.* at ¶ 16) The Board of Parole granted plaintiff's request to reduce his designation to Tier I, which requires no public notification, on July 28, 2010. (*Id.* at ¶ 17, Ex. F)

Plaintiff alleges that the erroneous publication caused him to suffer damage to his reputation and his business, which involved property maintenance contractor work for homeowners during the summer vacation off-season. (*Id.* at ¶¶ 18-19) Plaintiff claims that he

was no longer hired for such work after publication and was "ostracized by the community." (*Id.* at ¶ 19)

Plaintiff initiated the present action by filing a complaint in this court on August 19, 2011. (D.I. 1) Plaintiff named Holden, the Parole Board of the State of Delaware, Coupe, and the State of Delaware Department of Public Safety as defendants. (*Id.*) On October 3, 2011, plaintiff filed his first amended complaint against the same defendants. (D.I. 5) In the amended complaint, plaintiff alleged that the defendants violated his civil rights by erroneously publishing information identifying him as a sex offender. (*Id.*) The defendants answered the complaint and moved for judgment on the pleadings. (D.I. 15; D.I. 16) The undersigned Magistrate Judge issued a Report and Recommendation recommending that the defendants' motion be granted on June 19, 2012 (D.I. 22), and the court issued an order adopting the Report and Recommendation on July 26, 2012 (D.I. 23).

Plaintiff obtained new counsel and filed a second amended complaint on October 22, 2012, alleging causes of action for violation of the Delaware Sex Offender Registration Law ("SOR Law"), defamation, and violation of plaintiff's procedural due process, substantive due process, or right to privacy against defendants Holden and Coupe. (D.I. 28) Holden and Coupe answered the second amended complaint and moved for judgment on the pleadings on October 31, 2012. (D.I. 29; D.I. 30)

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When deciding a Rule 12(c) motion for judgment on the pleadings based on an allegation that the plaintiff has failed to state a claim, the motion "is analyzed under the same standards that

apply to a Rule 12(b)(6) motion." *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010), *cert. denied*, 131 S. Ct. 995, 178 L. Ed. 2d 825 (Jan. 18, 2011).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Under this standard, the court must accept all well-pleaded factual allegations as true, and must draw all reasonable inferences in favor of the non-moving party. *See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). This determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

As a preliminary matter, plaintiff does not contest defendants' assertion that claims against the individual defendants in their official capacities are barred by the Eleventh Amendment. (D.I. 33 at 2 n.1) Plaintiff brings his claims against defendants in their individual capacities. (*Id.*)

### A. Delaware Sex Offender Registration Law

#### 1. Private right of action

The court first addresses the parties' dispute regarding whether a private right of action exists under the SOR Law. The court finds that a private right of action does exist under the statute.

To determine whether a private right of action exists, courts must evaluate the legislative intent of the statute based on the statutory language.[1] *Alexander v. Sandoval*, 532 U.S. 275, 288 (2001) ("In determining whether statutes create private rights of action, as in interpreting statutes generally . . . legal context matters only to the extent it clarifies text."). "It is the duty of the court to give effect, if possible, to every clause and word of a statute, avoiding, if it may be, any construction which implies that the legislature was ignorant of the meaning of the language it employed." *Montclair v. Ramsdell*, 107 U.S. 147, 153 (1883). A private right of action cannot be implied when the statute contains no explicit or implicit evidence of a private remedy. *Brett v. Berkowitz*, 706 A.2d 509, 512 (Del. 1998).

The disputed statutory provisions in this case are 11 *Del. C.* §§ 4120(j) and 4121(l)(1)-(2). Section 4120(j), provides:

> "All elected and appointed public officials, public employees or public agencies including but not limited to the members of the Sex Offender Management Board, **are immune from civil liability for any discretionary decision to release relevant information, unless it is shown that the official, employee or agency acted with gross negligence or in bad faith**. The immunity provided under this

---

[1] Delaware courts have traditionally applied the three-factor implied private right of action analysis articulated by the United States Supreme Court in *Cort v. Ash*, 422 U.S. 66 (1975). *Mann v. Oppenheimer & Co.*, 517 A.2d 1056, 1064 (Del. 1986); *see also Miller v. Spicer*, 602 A.2d 65, 67 (Del. 1991). The three-part test asks: "(1) Is the plaintiff a member of the class for whose special benefit the statute was enacted? (2) Is there any indication of a legislative intent, express or implied, to create a private remedy or deny one? (3) Is it consistent with the underlying purpose of the legislative plan to imply a private remedy?" *Miller*, 602 A.2d at 67; see also *Schuster v. Derocili*, 775 A.2d 1029, 1036 n.42 (Del. 2001). However, subsequent United States Supreme Court decisions have adopted a stricter analysis focused entirely on the legislative intent, and Delaware courts have acknowledged this shift in the law. *Alexander v. Sandoval*, 532 U.S. 275 (2001); *O'Neill v. Town of Middletown*, 2006 WL 205071, at *19 (Del. Ch. Jan. 18, 2006) (following the standard set forth in *Alexander* and noting that the result would be no different under the *Cort* analysis); *Rays Plumbing & Heating Serv., Inc. v. Stover Homer, L.L.C.*, 2011 WL 3329384, at *2 (Del. Super. July 26, 2011) (concluding that both forms of analysis led to the same result but using the familiar *Cort* factors to provide structure for their analysis).

section applies to the release of relevant information to other employees or officials or to the general public. **There shall be no civil legal remedies available as a cause of action against any public official, public employee or public agency for failing to release information** as authorized in this section."

11 *Del. C.* § 4120(j) (emphasis added). This provision demonstrates the legislature's intent to provide a civil remedy for any grossly negligent discretionary decision to release information or bad faith conduct in releasing such information. However, the legislature expressly excluded civil remedies for the failure to release information. Similarly, § 4121(l)(1)-(2) provides:

> (1) [a]ll elected public officials, public employees and public agencies are **immune from civil liability for any discretionary decision to release relevant information unless it is shown that the official, employee or agency acted with gross negligence or in bad faith**. The immunity provided under this section applies to the release of relevant information to other employees, officials or public agencies as well as to the general public.
>
> (2) There shall be **no civil legal remedies available** as a cause of action against any public official, public employee or public agency **for failing to release information as authorized in this section**.

11 *Del. C.* § 4121(l)(1)-(2) (emphasis added). Again, the legislature's intent to provide a private right of action is evident from the statutory language expressly providing a civil remedy for a grossly negligent discretionary decision to release relevant information or for bad faith conduct in releasing such information.

### 2. Analysis under the SOR Law

Defendants allege that plaintiff fails to state a claim under the SOR Law because the second amended complaint contains no facts that either defendant affirmatively caused plaintiff's name to be placed on the Registry to be viewed by the public. (D.I. 31 at 10) According to defendants, the assurances made in the August 24, 2009 letter do not supersede the mandatory language of the statute requiring the Delaware State Police to release sex offender registry information to a local police jurisdiction. (D.I. 34 at 5) In response, plaintiff asserts that Coupe

is responsible for ensuring that the information on the Registry is accurate, and Coupe affirmatively represented in the August 24, 2009 letter that plaintiff's name would not appear on the Registry until his registration and Tier designations were complete. (D.I. 33 at 3) Plaintiff also alleges that Holden knew plaintiff's name was incorrectly placed on the Registry by Coupe, but took no action to remove plaintiff's name. (D.I. 33 at 5)

### (a) Coupe

Plaintiff has not pled sufficient facts to support his assertion that Coupe was grossly negligent in publishing plaintiff's name on the Registry. Therefore, the court recommends granting Coupe's motion for judgment on the pleadings.

The Delaware Supreme Court has defined gross negligence as conduct which represents an extreme departure from the ordinary standard of care. *Browne v. Robb*, 583 A.2d 949, 953 (Del.1990). A finding of gross negligence requires "more than ordinary inadvertence or inattention." *Brown v. United Water Delaware, Inc.*, 2010 WL 2052373 at *4 (Del. Super. May 20, 2010) (quoting *Jardel v. Hughes*, 523 A.2d 518, 530 (Del.1987)). Plaintiff admits that he "has not alleged in the Second Amended Complaint that Col. Coupe personally released information to Rehoboth Beach Watch or that he directed that organization to release the incorrect information about Giove." (D.I. 33 at 4) Plaintiff's argument, in effect, asks the court to apply a presumption of gross negligence, holding Coupe accountable for publication of inaccurate information as to plaintiff's sex offender designation in a local news periodical.

Plaintiff points to a form letter he received under Coupe's name, representing that plaintiff's name would not appear on the sex offender registry until plaintiff's registration and tier designation were complete. (D.I. 33 at 4) The issuance of a form letter by Coupe, without any further action on his part, is not tantamount to an "extreme departure from the ordinary

standard of care." *Browne v. Robb*, 583 A.2d 949, 953 (Del. 1990) (internal quotations omitted). Coupe has a statutory obligation to release sex offender registration information to a local police jurisdiction, in this instance, the Rehoboth Beach Police Department. Plaintiff has failed to plead any facts or cite to any legal authority that gross negligence should be presumed if information transmitted to the local police jurisdiction ends up being inaccurately published by a third party.

### (b) Holden

The court recommends granting defendants' motion as to plaintiff's claims against Holden under the SOR Law. As with the first amended complaint, plaintiff fails to plead any facts connecting the publication of plaintiff's sex offender designation to Holden's conduct. The second amended complaint attributes knowledge to Holden in the following manner: "Despite that timely appeal, and on information and belief, notice that Giove's name had incorrectly been added to the Registry by Defendant Coupe, Defendant Holden took no action to remove Giove's name from the Registry." (D.I. 28 at ¶ 16) A bare assertion that Holden knew plaintiff's name would be published on the Registry, and that such knowledge created a duty to act, is insufficient to meet the pleading requirements set forth in *Iqbal*. 556 U.S. at 681-82 (holding that a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'").

Moreover, the second amended complaint contains no averments that Holden maintained any control over the Registry or had the authority to modify the Registry unilaterally. Plaintiff's allegation that Holden's authority "reasonably can be inferred" from the contents of the August 24, 2009 letter is not compelling. (D.I. 33 at 5) Holden's authority is statutorily limited to review of the Risk Assessment Tier, and does not include modification of the Registry. *See* 11 *Del. C.* § 4122. In addition, Holden has no authority as Chairman of the Board of Parole to act

unilaterally without a majority vote of the five-member Board. 11 *Del. C.* §§ 4122(d), 4343. Plaintiff's argument that Holden has the power to bring matters before the Board of Parole for a vote is irrelevant because the second amended complaint expressly charges Holden with the responsibility of removing plaintiff's name from the Registry, not putting the matter to a vote before the Board. (D.I. 33 at 6 n.4; D.I. 28 at ¶ 22)

For the foregoing reasons, it is recommended that the court grant defendants' motion for judgment on the pleadings with respect to plaintiff's claims against Coupe and Holden under the SOR Law.

### B.  Defamation

To sustain a cause of action for defamation, a plaintiff must plead five elements: (1) defamatory communication; (2) publication; (3) reference to the plaintiff; (4) a third party's understanding of the communication's defamatory character; and (5) injury. *Wright v. Pepsi Cola Co.*, 243 F.Supp.2d 117, 124 (D. Del. 2003); *see also Read v. Carpenter*, 1995 WL 945544, at *3 (Del. Super. June 8, 1995). The only disputed factors are the defamatory character of the communication and the publication. A defamatory communication is one that "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Henry v. Del. Law Sch. of Widener Univ., Inc.*, 1998 WL 15897, at *10 (Del. Ch. Jan. 12, 1998) (citing Restatement (Second) of Torts § 559 (1977)). However, a statement of fact is not defamatory if it is "substantially true." *Ramunno v. Cawley*, 705 A.2d 1029, 1035 (Del. 1998) (quoting *Gannett Co. v. Re*, 496 A.2d 553, 557 (Del. 1985)). "That is, no libel has occurred where the statement is no more damaging to plaintiff's reputation in the mind of the average reader than a truthful statement would have been." *Id.* A

9

publication is the communication of the defamatory matter to a third party. *Schuster v. Derocili*, 775 A.2d 1029, 1040 (Del. 2001).

Defendants contend that plaintiff fails to allege any defamatory statements made by defendants or any action by defendants relating to publication of such defamatory statements. (D.I. 31 at 11-12) According to defendants, the published information was not defamatory because plaintiff was, in fact, convicted of a felony, and the publication was made by the Rehoboth Beach Neighborhood Watch, not the defendants. (D.I. 34 at 6-7) In response, plaintiff concedes that defendants did not expressly make defamatory statements about plaintiff, but they permitted false information to appear in the Registry regarding plaintiff's felony status and failed to remove it. (D.I. 33 at 8)

The court recommends granting defendants' motion for judgment on the pleadings to the extent that it pertains to plaintiff's claim for defamation because plaintiff has failed to sufficiently plead the falsity of the published statement. Plaintiff bases his defamation claim on the fact that the information published in the Rehoboth Beach Neighborhood Watch Bulletin stated that plaintiff was convicted of Unlawful Sexual Intercourse in the First Degree, when in fact he was convicted of Unlawful Sexual Intercourse in the Third Degree. (D.I. 33 at 8; D.I. 28 at ¶¶ 14-15, 20) Plaintiff incorrectly contends that the publication reflects a felony crime and he was actually convicted of a misdemeanor. (D.I. 33 at 8)

When plaintiff was convicted, Unlawful Sexual Intercourse in the Third Degree was a felony. *Shepherd v. Clemens*, 752 A.2d 533, 539 (Del. 2000) (noting that former 11 *Del. C.* § 773 for Unlawful Sexual Intercourse in the Third Degree was a class C felony). In 1998, the Delaware General Assembly repealed 11 *Del. C.* §§ 773 pertaining to Unlawful Sexual Intercourse in the Third Degree and replaced it with Rape in the Third Degree, which is a class B

felony. 11 *Del. C.* § 771; 71 Laws 1998, ch. 285, § 11, eff. Sept. 9, 1998. Therefore, the publication correctly indicated that plaintiff was convicted of a felony, and misidentifying the degree of the offense was immaterial. Labeling the conviction Unlawful Sexual Intercourse in the First Degree instead of Unlawful Sexual Intercourse in the Third Degree is no more damaging to plaintiff's reputation in the mind of the average reader because both are felonies; therefore, "the 'gist' or 'sting' of the statement is true." *Ramunno*, 705 A.2d at 1035 (quoting *Gannett Co.*, 496 A.2d at 557).

### C. Due Process

Defendants allege that federal case law does not support a claim of federal due process violations for erroneous publication on a sex offender registry because the United States Supreme Court has upheld the constitutional validity of requiring a sex offender to register on a state's sex offender registry. (D.I. 31 at 9-10) Moreover, defendants contend that plaintiff's § 1983 claim cannot survive based on a theory of inaction. (D.I. 34 at 3) In response, plaintiff alleges that the cases cited by defendants miss the mark because plaintiff does not contend that the Registry law itself is constitutionally infirm, but rather just its application is infirm. (D.I. 33 at 7)

It is well established in this court that a cause of action brought under 42 U.S.C. § 1983 requires a plaintiff to plead that each government official, through the official's own individual actions, has violated the Constitution. *Rahim v. Holden*, 831 F. Supp. 2d 845, 848-49 (D. Del. 2011) (citing *Iqbal*, 556 U.S. at 676). "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (internal citations and quotations omitted).

Vicarious liability is inapplicable to § 1983 suits, and "personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff's constitutional right." *Rahim*, 831 F. Supp. 2d at 849.

As previously discussed in connection with plaintiff's claim under the SOR Law, plaintiff provides no specific facts as to how or when Holden violated his constitutional rights, nor does plaintiff allege that Holden expressly directed the deprivation of his constitutional rights. Plaintiff merely states that, "[d]espite that timely appeal, and on information and belief, notice that Giove's name had incorrectly been added to the Registry by Defendant Coupe, Defendant Holden took no action to remove Giove's name from the Registry." (D.I. 28 at ¶ 16) Plaintiff acknowledged in his answering brief that the second amended complaint contains no specific facts explaining how or why Holden knew that plaintiff's name was on the Registry. (D.I. 33 at 5) Because plaintiff again fails to present any facts suggesting Holden's personal involvement in the alleged deprivations, it is recommended that the court grant defendants' Rule 12(c) motion to the extent that it applies to plaintiff's due process and privacy claims against Holden.

Plaintiff's due process claims also fail to the extent that they pertain to Coupe. The second amended complaint sets forth plaintiff's due process and privacy claims in the context of the SOR Law. (D.I. 28 at ¶¶ 28-32) However, § 1983 only supports causes of action based on a violation of federal statutory law or constitutional rights, not violations of state statutes. *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 174 (3d Cir. 2004) ("Section 1983 does not provide a cause of action for violations of state statutes."); *see also Paul v. Davis*, 424 U.S. 693, 711-12 (1976) (holding that an interest in reputation covered by state tort law was neither "liberty" nor "property" under due process inquiry, even when alleged injury was inflicted by a state officer). Because the crux of the due process claims in the second amended complaint is the allegedly

erroneous publication of plaintiff's conviction in violation of the SOR Law, plaintiff's constitutional due process and privacy claims fail. Therefore, it is recommended that the court grant defendants' motion for judgment on the pleadings to the extent that it applies to plaintiff's due process claims.

### D. Leave to Amend

Plaintiff requests leave to amend the complaint in the event that the court grants defendants' motion for judgment on the pleadings, specifically with respect to Holden's knowledge of the erroneous publication on the Registry. (D.I. 33 at 5 n.3) Defendants contend that amendment would be futile under the circumstances of this case, and allowing plaintiff unending efforts to amend the flawed complaint would be improper under Rule 15. (D.I. 34 at 7)

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the grant or denial of leave to amend a pleading is ultimately within the discretion of the District Court, the Third Circuit has adopted a liberal approach to the amendment of pleadings "to ensure that a particular claim will be decided on the merits rather than on technicalities." *Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 557 (D. Del. 2007) (internal quotations omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should generally be granted "unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

Amendment of the complaint would be futile in this case. To date, plaintiff has filed three complaints in this matter. The court previously outlined the deficiencies in the first amended complaint in the Report and Recommendation issued on June 20, 2012, and offered plaintiff an opportunity to cure those deficiencies. (D.I. 22) For the reasons explained in this

Report and Recommendation, the second amendment failed to cure the deficiencies, and the court is unconvinced that further opportunities to amend would result in a different outcome.

## V. CONCLUSION

For the reasons discussed above, it is recommended that defendants' motion for judgment on the pleadings should be granted. (D.I. 30)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available at http://www.ded.uscourts.gov/court-info/local-rules-and-orders/general-orders.

Dated: March 10, 2014

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE